

May 17, 2016

Ms. Judy McAdams                              Opinion No. KP-0088
Victoria County Auditor
115 North Bridge, Room 122                    Re: Whether a criminal district attorney may use
Victoria, Texas 77901                         forfeiture funds to investigate operations of a
                                              juvenile detention center (RQ-0075-KP)

Dear Ms. McAdams:

You ask about a criminal district attorney's authority to use forfeiture funds to investigate operations of a juvenile detention center.[1] You state that the Victoria County Criminal District Attorney has entered into an agreement with a consulting firm to "investigat[e] the financial operations of the Victoria County Regional Juvenile Detention Center." Request Letter at 1–2. You provided a portion of the consulting agreement that you were able to obtain from the criminal district attorney's office, although the portion describing the scope of the study has not been released by that office. See id., Exhibit A. Also attached to your request are the meeting minutes of a Victoria County Commissioners Court budget workshop, which indicate that the commissioners court desired the study to assist in budget preparation. See id., Exhibit D (exhibits on file with the Op. Comm.).

You specifically ask whether "the Victoria County Criminal District Attorney [may] expend forfeiture funds to hire and pay a consultant to investigate the operations of the Victoria County Regional Juvenile Detention Center." Id. at 1. Your question concerns article 59.06 of the Code of Criminal Procedure, which governs the disposition of asset forfeiture funds. See TEX. CODE CRIM. PROC. art. 59.06. At the outset we note that whether article 59.06 authorizes a particular use of asset forfeiture funds requires investigating and resolving fact questions beyond the scope of the opinion process. See Tex. Att'y Gen. Op. No. GA-1059 (2014) at 2. We can, however, provide some guidance with respect to article 59.06.

Under article 59.06, the attorney representing the State, acting as the agent of the State, administers all forfeited property "in accordance with accepted accounting practices and with the provisions of any local agreement entered into" with law enforcement agencies. See TEX. CODE

---

[1]Letter from Ms. Judy McAdams, Victoria Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 17, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

CRIM. PROC. art. 59.06(a).[2] Under such a local agreement, the attorney representing the State must deposit forfeiture proceeds, after certain deductions for costs, into one or more of four special funds. *Id.* art. 59.06(c). Pertinent here, one of the funds is "for the benefit of the office of the attorney representing the state, to be used by the attorney *solely for the official purposes of his office.*" *Id.* art. 59.06(c)(1) (emphasis added).

As you note, in 2008 this office determined that article 59.06 did not authorize a district attorney to use asset forfeiture funds to purchase or lease a juvenile detention facility for the county. Tex. Att'y Gen. Op. No. GA-0613 (2008) at 9; *see* Request Letter at 2. To give meaning to the term "official purposes," the opinion reviewed the constitutional and statutory provisions pertaining to the district attorney, ultimately determining that providing a juvenile detention facility was not an official purpose of that office. Tex. Att'y Gen. Op. No. GA-0613 (2008) at 7-8.

After the opinion issued in 2008, the Legislature added subpart (d-4) to article 59.06 to further define an official purpose of the office of an attorney representing the State:

> (d-4) Except as otherwise provided by this article, an expenditure of proceeds or property received under this chapter is considered to be for an official purpose of an attorney's office if the expenditure is made for an activity of an attorney or office of an attorney representing the state that relates to the preservation, enforcement, or administration of the laws of this state . . . .

Act of May 9, 2013, 83d Leg., R.S., ch. 157, § 1, 2013 Tex. Gen. Laws 595, 596 (codified at TEX. CODE CRIM. PROC. art. 59.06(d-4)).[3] Subpart (d-4) provides a nonexclusive list of examples of expenditures that are considered to be for an official purpose of a State attorney's office, such as expenditures for equipment, supplies, travel expenses, training expenses, investigative costs, crime prevention and treatment programs, facility costs, legal fees, and professional association fees. TEX. CODE CRIM. PROC. art. 59.06(d-4)(1)–(9). Thus, article 59.06(d-4) authorizes only expenditures that are used solely for an activity of an attorney or office of an attorney representing

---

[2]*See* TEX. CODE CRIM. PROC. art. 59.01(1) (defining "attorney representing the state" as "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held"); TEX. GOV'T CODE § 44.335(a)–(b) (providing that the "criminal district attorney of Victoria County . . . shall exclusively represent the state in all criminal matters" in the courts of the county and "has all the powers, duties, and privileges in Victoria County that are conferred by law on county and district attorneys in the various counties and districts").

[3]Article 59.06 specifies another official purpose of a prosecuting attorney:

> [A]n attorney representing the state may use as an official purpose of the . . . attorney proceeds or property received under this chapter to make a donation to an entity that assists in: (1) the detection, investigation or prosecution of . . . criminal offenses; or . . . instances of abuse . . .; (2) the provision of . . . mental health, drug, or rehabilitation services; or . . . services for victims or witnesses of criminal offenses or instances of abuse . . .; or (3) the provision of training or education related to duties or services described by Subdivision (1) or (2).

TEX. CODE CRIM. PROC. art. 59.06(d-2)(1)–(3).

the State that relates to the preservation, enforcement, or administration of the laws of this State. Tex. Att'y Gen. Op. No. GA-1059 (2014) at 2–3.

Whether the Victoria County Criminal District Attorney's expenditure of forfeiture funds for a consultant to investigate the operations of a juvenile detention center is authorized under article 59.06 will first require an investigation into and determination of the particular facts, such as the specific purpose of the study, the functions and operations of the juvenile detention center, and their connection, if any, to the particular duties and functions performed by that district attorney's office. Investigating and determining these fact questions is outside the purview of an attorney general opinion. *See id.* at 2 (stating that "whether article 59.06 authorizes a particular use of asset forfeiture funds requires investigating and resolving fact questions beyond the scope of the opinion process"). Instead, such determinations must be made in the first instance by the attorney representing the State, subject to judicial review. *See* TEX. CODE CRIM. PROC. art. 59.06(a) (providing that "all forfeited property shall be administered by the attorney representing the state"). Accordingly, we may advise only that an attorney representing the State may expend forfeiture funds to investigate a juvenile detention center to the extent that the expenditure qualifies as being for an official purpose of the attorney's office under article 59.06.

## S U M M A R Y

An attorney representing the State may expend forfeiture funds to investigate a juvenile detention center only to the extent the expenditure is for an official purpose of the attorney's office under article 59.06 of the Code of Criminal Procedure. Whether a particular expenditure is authorized under article 59.06 involves a question of fact that cannot be answered in an attorney general opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee